IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOAN E. NEBEL,<br><br>      Plaintiff,<br>v.<br><br>CITY OF BURBANK, BOARD OF FIRE AND POLICE COMMISSIONERS, BURBANK MAYOR HARRY KLIEN, individually and in his official capacity, BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA, individually and in his official capacity, LIEUTENANT WAYNE YOUNG and SERGEANT TIMOTHY ABBOTT, individually and in their official capacities,<br><br>      Defendants. | Case No. 01 C 6403<br><br>Honorable Joan B. Gottschall<br>Judge Presidint<br><br>Magistrate Judge Ashman<br><br>**FILED**<br>DEC 1 4 2001<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## NOTICE OF FILING

TO:

    PLEASE TAKE NOTICE that on *Friday, December 14, 2001*, Plaintiff filed with the Clerk of the Illinois District Court for the Norther District, Eastern Division at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, the attached Plaintiff's First Amended Complaint.

                                                Lisa Kane, Attorney for Plaintiff

## PROOF OF SERVICE

    I, Lisa Kane, certify that I caused to be served this Notice of Filing and the above-mentioned accompanying Motion via messenger to the persons to whom said Notice is directed at the addresses noted above by 5:00 p.m. on Friday, December 14, 2001.

                                                Lisa Kane, Attorney for Plaintiff



## CERTIFICATION OF RECEIPT OF SERVICE

    I hereby certify that I have been authorized by the parties to whom said notice is directed at the address noted above to accept service of this notice and the accompanying Plaintiff's First Amended Complaint.

_____
Party Authorized to receive service

Lisa Kane & Associates
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312)606-0383
Attorney No. 06203093

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOAN E. NEBEL, <br><br> Plaintiff, <br> v. <br><br> CITY OF BURBANK, BOARD OF FIRE AND POLICE COMMISSIONERS, BURBANK MAYOR HARRY KLIEN, individually and in his official capacity, BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA, individually and in his official capacity, LIEUTENANT WAYNE YOUNG and SERGEANT TIMOTHY ABBOTT, individually and in their official capacities, <br><br> Defendants. | Case No. 01 C 6403 <br><br> Honorable Joan B. Gottschall <br> Judge Presidint <br><br> Magistrate Judge Ashman <br><br> FILED <br> DEC 1 4 2001 <br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |

## FIRST AMENDED COMPLAINT

Plaintiff, JOAN E. NEBEL, by and through her attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendants, CITY OF BURBANK, et al. states as follows:

### Preliminary Statement

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulations, custom or usage of rights secured to Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States, namely the right to be free from gender discrimination and retaliation in her place of public employment. Plaintiff is seeking mandatory injunctive relief and damages to redress discriminatory employment practices as engaged in by Defendants.

## Jurisdictional Statement

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. (Title VII) and 42 U.S.C. § 1983. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

## Venue

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## Parties

4. Plaintiff, JOAN E. NEBEL, ("Nebel" or "Plaintiff") is a female citizen of the United States who resides in Illinois.

5. Defendant, City of Burbank ("Defendant" or "the City") is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b). Defendant City of Burbank is a unit of local government, and as such, is a "person" for purposes of 42 U.S.C. § 1983.

6. Defendant, Board of Fire and Police Commissioners ("Board") is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b). Defendant Board is a unit of local government, and as such, is a "person" for purposes of 42 U.S.C. § 1983. The Board members, Larry R. Fischer, Barry J. Szymczak, and Jay S. Bartusiak, are the highest ranking final policy-making officials of the City of Burbank and/or are vested with such authority by delegation, and their acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

7. Defendants, Mayor Harry Klien and Burbank Police Department Chief William Kujawa, named in their official and individual capacities are the highest ranking final policy-making officials of the City of Burbank and/or are vested with such authority by delegation, and their acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

8. All Defendants named in their official and individual capacities are the highest ranking final policy-making officials of the City of Burbank Police Department and/or are vested with such authority by delegation within the ambit of setting policy for and actually disciplining and terminating officers from the City of Burbank Police Force, and their acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

9. The decision-making and final policy-making authority of Defendants named in their individual and official capacities were invoked to deprive Plaintiff of her civil and Constitutional rights secured under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

10. The decision-making and final policy-making authority of Mayor Harry Klien, and Chief William Kujawa, were invoked to deprive Plaintiff of her civil and Constitutional rights secured under the First and Fourteenth Amendments to the United States Constitution through 42 U.S.C. § 1983 and 42 U.S.C. § 2000e et seq.

**Procedure**

11.	Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission (" EEOC") on January 19, 2000 and June 22, 2001. The EEOC thereafter transmitted Plaintiff's first charge to the United States Department of Justice, which issued Plaintiff a Notice of Right to Sue on May 23, 2001 and was received by Plaintiff on May 29, 2001, entitling Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. With regard to Plaintiff's second Charge, the EEOC issued a Notice of Right to Sue on September 20, 2001, entitling Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. On August 17, 2001, Plaintiff filed a pro se complaint in the United States District Court for the Northern District of Illinois, Eastern Division.

**COUNT I**

**TITLE VII - SEX DISCRIMINATION**

All counts contained hereinafter alleging Title VII claims pertain only to Defendant, City of Burbank.

12.	Paragraphs one (1) through eleven (11) are incorporated by reference as if fully set out herein.

13.	Plaintiff has performed to the reasonable satisfaction of Defendant from the time of her hire in 1989 and at all times thereafter, and any assertions made by Defendant to the contrary are pretext for gender discrimination.

14.	Defendant discriminated against Plaintiff on the basis of her sex, female, as

4

evidenced by, without limitation, the fact that Defendant was denied time off and was subjected to discipline for minor spelling errors on police reports while similarly situated male officers, whose police reports also contained spelling errors, either received less discipline or were provided an opportunity to correct the spelling errors, which resulted in said male officers not receiving any discipline at all.

15. Plaintiff reported the gender discrimination through the chain of command and ultimately to Burbank Police Department Chief William Kujawa, but no action was taken to rectify the discriminatory treatment Plaintiff received and in fact, the result of said reports only heightened the discriminatory conduct Plaintiff had to endure while employed at Defendant.

16. The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

17. As a direct and proximate result of the afore alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost and foregone wages and benefits.

**Prayer for Relief**

WHEREFORE, Plaintiff, JOAN NEBEL, prays for a judgement against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

5

B. Grant a permanent injunction restraining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C. Order Defendant to make whole JOAN NEBEL by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices including, but not limited to, expungement of the unwarranted discipline from Plaintiff's record;

D. Order Defendant to pay lost, foregone, and future wages to JOAN NEBEL;

E. Grant Plaintiff actual, consequential, compensatory, exemplary, punitive and any other damages that the Court may deem appropriate against City of Burbank;

F. Grant Plaintiff her attorney's fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II

## TITLE VII - RETALIATION

All counts contained hereinafter alleging Title VII claims pertain only to Defendant, City of Burbank.

18. Paragraphs one through seventeen (1-17) are incorporated by reference as if fully set out herein.

19. Defendant retaliated against Plaintiff for previously having reported the discriminatory conduct she endured to the Chief of Police and for filing several union grievances as well a Charge of Discrimination relating to sex discrimination, harassment and retaliation

against Defendant, among other violations of her Constitutional and civil rights, as evidenced by, without limitation:

   a. Subjecting Plaintiff to discipline for minor spelling errors on her police reports while similarly situated officers whose police reports also contained spelling errors, and who had not filed grievances with the union for civil rights actions against Defendant, either received less discipline or were not disciplined at all.

   b. Forbidding Plaintiff from driving any department vehicles despite having no chargeable accidents during her tenure at Defendant.

   d. Being subjected to having her employer, Defendant, inform local television stations and newspapers of Plaintiff's pretextual suspensions.

   e. Requiring Plaintiff to work the civilian desk instead of her regular beat after returning from a non-work related injury despite being cleared for full duty by her physician.

   f. Being consistently assigned to the same beat while Plaintiff's similarly situated male officers who worked the same shift as Plaintiff and had the same or less seniority than Plaintiff, were rotated to different beats on a regular basis.

   g. Having her supervisor, Burbank Police Department Chief William Kujawa, inform Plaintiff's fellow officers that if they lied at Board hearings regarding Plaintiff's discipline, they would not be reprimanded since they "only wanted" Plaintiff.

   h. Being disciplined and ultimately terminated for arriving late for court while similarly situated male officers who also arrived late to court and who had not filed grievances with the union or filed a Charge of Discrimination with the EEOC for civil rights actions against Defendant, either received less discipline or were not disciplined at all.

20. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to sex discrimination and retaliation in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

21. As a direct and proximate result of the afore alleged willful and reckless acts or

7

omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits.

## Prayer for Relief

WHEREFORE, Plaintiff, Joan Nebel prays for judgement against Defendant and respectfully requests that this Court:

A.   Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex, and retaliates against an individual for complaining of an unlawful employment practice;

C.   Order Defendant to make whole Joan Nebel by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices including, but not limited to, expungement of the unwarranted discipline from Plaintiff's record;

D.   Order Defendant to pay lost, foregone, and future wages to Joan Nebel;

E.   Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against City of Burbank;

F.   Grant Plaintiff her attorney's fees, costs, and disbursements; and

G.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III

## SECTION 1983 - EQUAL PROTECTION - SEX DISCRIMINATION

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks prospective injunctive relief under 42 U.S.C. § 1983.

22. Paragraphs one through twenty-one (1-21) are incorporated by reference as if fully set out herein.

23. The acts and omissions alleged herein were committed with the knowledge, acquiescence and active participation of the highest ranking officers of the City of Burbank named as Defendants herein.

24. By virtue of the acts and omissions alleged herein, Defendants, acting under color of state law and with state action, intentionally discriminated against Plaintiff on the basis of her sex, female. Furthermore, the acts and omissions were willful and wanton in nature and served to deprive Plaintiff of her rights to equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

25. Defendants sued in their individual capacities acted in violation of clearly established federal constitutional law when they engaged in unlawful discrimination against Plaintiff on the basis of her sex, including, but not limited to, willfully and purposefully subjecting her to: 1) discipline for minor spelling errors on police reports while similarly situated male officers, whose police reports also contained spelling errors, either received less discipline or were provided an opportunity to correct the spelling errors, which resulted in said male

officers not receiving any discipline at all; and 2) denying Plaintiff time off while similarly situated male officers who requested time off on the same days were allowed to take the time off.

26. Mayor Harry Klien and Burbank Police Department Chief William Kujawa exerted compelling influence over the Board of Fire and Police Commissioners, which, on the basis of that influence, terminated Plaintiff for pretextual reasons.

27. Defendants knew of and participated in the acts and omissions alleged herein and possessed authority to direct and control the actions of ranking officers, supervisory and other employees and agents of the City of Burbank, but nevertheless acquiesced, condoned and promoted gender discriminatory treatment which Plaintiff was forced to endure as a Burbank Police Officer. Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of the City of Burbank.

28. The sex discrimination suffered by Plaintiff was inflicted upon her pursuant to the overt, express, and, at times hidden, yet established, policy and practice of Defendants.

29. The acts of discrimination of Defendants sued in their individual and official capacities were so pervasive and continuous as to constitute the policy and practice of the City of Burbank in so far as Plaintiff has endured consistent gender discrimination and retaliation since she initially reported the discriminatory conduct she endured to Burbank Police Department Chief William Kujawa and continued through her termination on April 10, 2001.

30. The acts of discrimination of Defendants sued in their individual and official capacities rose to the level of the City of Burbank policy, because such acts were perpetrated by various final policy-makers of the City of Burbank or by officials to whom such final policy-making authority was delegated.

31. The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling her to seek punitive damages against Defendants.

32. As a direct and proximate result of the afore alleged willful and reckless acts or omissions of Defendants, Plaintiff was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, lost and foregone wages and benefits.

### Prayer for Relief

WHEREFORE, Plaintiff, JOAN NEBEL, prays for a judgment against Defendants and respectfully requests that this Court:

A. Enter a Declaratory Judgment that the conduct and practices of Defendants complained of herein are unlawful and violate 42 U.S.C. § 1983;

B. Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practice which unlawfully discriminates on the basis of sex or retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendants to make whole JOAN NEBEL by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices including, but not limited to, expungement of the unwarranted discipline from Plaintiff's record;

D. Order Defendants, in their individual capacities, to pay lost, foregone, and future wages to JOAN NEBEL;

E. Grant Plaintiff actual, consequential, compensatory, exemplary, punitive and any other damages that the Court may deem appropriate as against the following Defendants jointly and severally in their individual capacities;

F.  Grant Plaintiff her attorney's fees, costs, and disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest

## COUNT IV

## FOURTEENTH AMENDMENT

## DENIAL OF EQUAL PROTECTION OF THE LAW 42 U.S.C. § 1983

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks prospective injunctive relief and any other relief the court deems appropriate under 42 U.S.C. § 1983.

33. Paragraphs one (1) through thirty-two (32) are incorporated by reference as though fully set out herein.

34. The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of the City of Burbank, named as Defendants herein.

35. Defendants intentionally subjected Plaintiff to less favorable terms and conditions of her employment than similarly situated City employees, because Plaintiff raised the ire of Defendants by publicly defending her name and reputation through the local press after Defendants used that medium to tarnish Plaintiff's reputation and standing as a police officer and member of the community.

36. Defendants were motivated by a spiteful and abandoned effort to punish Plaintiff

for reasons unrelated to any legitimate state objective, by adversely effecting the terms and conditions of her City employment because Plaintiff displayed the fortitude to publically rebut the false and disparaging comments made about her to the local press by Defendants.

37. Defendants sued in their individual and official capacities acted in violation of clearly established constitutional law when they violated Plaintiff's rights to equal protection of the laws in subjecting Plaintiff to an arbitrary and unfounded discipline hearing before the Board in order to effectuate Plaintiff's termination from the Burbank Police Department.

38. Defendants knew of and participated in the acts and omissions alleged herein and possessed authority to direct and control the action of the highest ranking officers, supervisory, and other employees and agents of the City of Burbank, but nevertheless acquiesced, condoned and promoted gender discriminatory treatment which Plaintiff was forced to endure as a Burbank Police Officer. Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of the City of Burbank.

39. Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of Defendant.

40. Moreover, Defendants failed to implement and enforce personnel polices and practices which would have prevented the violation of Plaintiff's Equal Protection rights.

41. The City had reason to know of the acts and omissions alleged herein and possessed authority to direct and control the actions of named ranking officers, supervisory, and other employees and agents of the City of Burbank.

42. The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling her to seek punitive damages against Defendants named in their individual capacities.

43. As a direct and proximate result of the alleged willful and reckless acts and omissions of Defendants, Plaintiff was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, lost wages and benefits.

**Prayer for Relief**

WHEREFORE, Plaintiff, JOAN NEBEL, prays for a judgment against Defendants and respectfully requests that this Court:

A. Enter a Declaratory Judgment that the conduct and practices of Defendants complained of herein are unlawful and violate 42 U.S.C. § 1983;

B. Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which unlawfully deny the equal protection of the laws;

C. Order Defendants to make whole JOAN NEBEL by providing the affirmative relief necessary to eradicate the effects of the Defendants' unlawful practices including, but not limited to, expungement of the unwarranted discipline from Plaintiff's record;

D. Order Defendants, in their individual capacities, to pay lost, foregone, and future wages to JOAN NEBEL;

E. Grant Plaintiff actual, consequential, compensatory, exemplary, punitive and any other damages that the Court may deem appropriate as against the following Defendants jointly and severally in their individual capacities;

F. Grant Plaintiff her attorney's fees, costs, and disbursements; and

G. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## Jury Trial Request

44. Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

>Respectfully submitted,
>JOAN NEBEL,
>
>BY: _____
>Lisa Kane, Attorney for Plaintiff

Lisa Kane and Associates, P.C.
Attorney at Law
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney No. 06203093