## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOAN E. NEBEL, )
                        )
           Plaintiff, )
                        )
        v. ) No. 01 C 6403
                        )
CITY OF BURBANK, BURBANK ) Judge Gottschall
MAYOR HARRY KLEIN, individually, ) Magistrate Judge Ashman
et al., )
          Defendants. )

**DOCKETED**
**MAY 1 3 2003**

### NOTICE OF FILING

**FILED**
**MAY 1 2 2003**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**TO:**    Lisa Kane
        Lisa Kane & Associates, P.C.
        120 South LaSalle Street
        Suite 1420
        Chicago, IL 60603

PLEASE TAKE NOTICE that on the 12th day of May, 2003, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the following:

Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint;

A copy of which is attached hereto and served herewith upon you.

*Heather R. Sloan*

### PROOF OF SERVICE

I, the undersigned, an attorney, on oath state: I served this Notice by hand-delivering a copy to the above-mentioned attorney at the address shown above and depositing same in the U.S. Mail Chute at 30 North LaSalle Street, Chicago, Illinois 60602, by 5:00 p.m., on May 12, 2003.

*Heather R. Sloan*

MICHAEL G. CAINKAR
HEATHER R. SLOAN
LOUIS F. CAINKAR, LTD.
*Attorneys for Defendants*
30 North LaSalle Street - #3922
Chicago, Illinois 60602
(312) 236-3985

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOAN E. NEBEL,               )

             Plaintiff,    )

                  )

    v.               )   No. 01 C 6403

                  )   Honorable Joan B. Gottschall

CITY OF BURBANK, BURBANK   )   Magistrate Judge Ashman

MAYOR HARRY KLEIN, individually and in his )

official capacity, BURBANK CHIEF OF POLICE )

WILLIAM M. KUJAWA, individually and in his )

official capacity, LIEUTENANT WAYNE YOUNG )

and SERGEANT TIMOTHY ABBOTT,   )

individually and in their official capacities,   )

                  )

            Defendants.    )

DOCKETED MAY 13 2003

FILED MAY 12 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME the defendants, CITY OF BURBANK (hereinafter "BURBANK"), BURBANK MAYOR HARRY KLEIN ("KLEIN"), individually, BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA ("KUJAWA"), individually, and LIEUTENANT WAYNE YOUNG ("YOUNG"), individually, by and through their attorneys, LOUIS F. CAINKAR, LTD., and in answer to the complaint states as follows:

### Preliminary Statement

1.     This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq., and 42 U.S.C. § 1983 to redress the deprivation under color of statue, ordinance, regulations, custom or usage of rights secured to Plaintiff by Fourteenth Amendment to the Constitution of the United States, namely the right to be free from gender discrimination and retaliation in her place of public employment. Plaintiff is seeking mandatory injunctive relief and damages to redress discriminatory employment practices as engaged in by Defendants.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG admit that plaintiff's action is as described and seeks the relief requested, but denies that defendants engaged in discriminatory employment practices.

## Jurisdictional Statement

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. (Title VII) and 42 U.S.C. § 1983. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG admit the allegations set forth in paragraph 2.

## Venue

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG admit the allegations set forth in paragraph 3.

## Parties

4. Plaintiff, JOAN E. NEBEL, ("Nebel" or "Plaintiff") is a female citizen of the United States who resides in Illinois.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG admit the allegations set forth in paragraph 4.

2

5.    Defendant, City of Burbank ("Defendant" or "the City") is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b). Defendant, City of Burbank, is a unit of local government, and as such, is a "person" for purposes of 42 U.S.C. § 1983.

**ANSWER:**    BURBANK, KLEIN, KUJAWA, and YOUNG admit the allegations set forth in paragraph 5.

6.    Defendant, Mayor Harry Klien (sic), named in his official and individual capacities is the highest ranking final policy-making officials of the City of Burbank and/or is vested with such authority by delegation with respect to establishing Police Department policy, initiating disciplinary action, suspensions, and establishing the terms and conditions of employment for the police officers under his command, and his acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

**ANSWER:**    BURBANK, KLEIN, KUJAWA, and YOUNG state that paragraph 6 contains legal conclusions to which no response is required. To the extent paragraph 6 states allegations of fact, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in paragraph 6.

7.    Burbank Police Department Chief William Kujawa, named in his official and individual capacities is the highest ranking final policy-making officials of the City of Burbank and/or is vested with such authority by delegation with respect to establishing Police Department policy, initiating disciplinary action, suspensions, and establishing the terms and conditions of employment for the police officers under his command, and his acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

3

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG state that paragraph 7 contains legal conclusions to which no response is required. To the extent paragraph 7 states allegations of fact, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in paragraph 7.

8. Defendants, Sergeant Abbott and Lieutenant Young, named in their official and individual capacities are the highest ranking final policy-making officials of the City of Burbank Police Department and/or are vested with such authority by delegation within the ambit of setting Department policy with respect to the initiation of disciplinary action, suspension, and the terms and conditions of employment for the police officers under their command, and their acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to City of Burbank policy.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG state that pursuant to Judge Gottschall's ruling on defendants' motion to dismiss issued on March 27, 2003, Sergeant Abbott was dismissed as a defendant from the instant action. BURBANK, KLEIN, KUJAWA, and YOUNG state that paragraph 8 contains legal conclusions to which no response is required. To the extent paragraph 8 states allegations of fact, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in paragraph 8.

9. The decision-making and final policy-making authority of Defendants named in their individual and official capacities were invoked to deprive Plaintiff of her civil and Constitutional rights secured under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG state that paragraph 9 contains legal conclusions to which no response is required. To the extent paragraph 9 states

4

allegations of fact, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in paragraph 9.

10.     The decision-making and final policy-making authority of Mayor Harry Klein, and Chief William Kujawa, were invoked to deprive Plaintiff of her civil and Constitutional rights secured under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

**ANSWER:**    BURBANK, KLEIN, KUJAWA, and YOUNG state that paragraph 10 contains legal conclusions to which no response is required.  To the extent paragraph 10 states allegations of fact, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in paragraph 10.

### Procedure

11.     Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 19, 2000 (amended on September 12, 2000), and June 22, 2001.  The EEOC thereafter transmitted Plaintiff's first charge to the United States Department of Justice, which issued Plaintiff a Notice of Right to Sue on May 23, 2001, and was received by Plaintiff on May 29, 2001, entitling Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  With regard to Plaintiff's second Charge, the EEOC issued a Notice of Right to Sue on September 20, 2001, entitling Plaintiff to institute a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  On August 17, 2001, Plaintiff filed her *pro se* complaint in the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**    BURBANK, KLEIN, KUJAWA, and YOUNG lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11, with the exception that BURBANK, KLEIN, KUJAWA, and YOUNG admit that plaintiff filed a pro se complaint on the date and in the court indicated.

## COUNT I

## TITLE VII - GENDER DISCRIMINATION - DISPARATE TREATMENT

All counts contained hereinafter alleging Title VII claims pertain only to Defendant, City of Burbank.

KLEIN, KUJAWA, and YOUNG make no answer to the allegations set forth in Count I as the same are not directed against them.

12.     Paragraphs one (1) through eleven (11) and paragraphs (19) through (24) are incorporated by reference as if fully set out herein.

**ANSWER:**   BURBANK realleges and incorporates herein by reference its answers set forth in Paragraphs 1 through 11 of this complaint as its answer to this Paragraph 12.  BURBANK cannot understand plaintiff's incorporation of paragraphs 19 through 24 into this paragraph 12.  To the extent plaintiff seeks to incorporate by reference Count II, paragraphs 19 through 24, BURBANK realleges and incorporates its answers set forth in paragraphs 19 through 24 of Count II as its answer to this paragraph 12.

13.     Plaintiff has performed to the reasonable satisfaction of Defendant from the time of her hire in 1989 and at all times thereafter, and any assertions made by Defendant to the contrary are pretext for gender discrimination.

**ANSWER:**   BURBANK denies each and every allegation set forth in Paragraph 13.

14.     Defendant discriminated against Plaintiff on the basis of her sex, female, as evidenced by, without limitation, the fact that Chief Kujawa and Plaintiff's supervising officers under Chief Kujawa's authority and direction subjected her to a continuous course of materially adverse terms and conditions of her employment relative to similarly situated male police officers, including, but not limited to, the following:

6

(a)  In July and August 2000, Chief Kujawa initiated disciplinary action against Plaintiff, including actions for unpaid suspension and termination, exceeding any action initiated against similarly situated males and exceeding any discipline levied against similarly situated male police officers whose performance, conduct, and actions had been equal to or at a lesser level than Plaintiff's;

(b)  In July 2000, Lieutenant Young and Chief Kujawa initiated disciplinary charges against Plaintiff seeking to issue Plaintiff a twenty-one (21) day unpaid suspension for conduct for which Plaintiff's similarly situated male officers were not subjected to the initiation of such disciplinary action. Prior to the hearing before the Board of Fire and Police Commissioners ("the Board") on the disciplinary charges which Chief Kujawa initiated against Plaintiff in July 2000, Chief Kujawa encouraged police officer Herbert to lie at the Board hearing if he had to in order to secure Plaintiff's suspension;

(c)  Sergeant Abbott subjected Plaintiff to unfounded and discriminatory write-ups, reprimands, and adverse notations to her personnel file which ultimately gave rise to unpaid suspension time for Plaintiff in June 1999;

(d)  In June 1999, Chief Kujawa suspended Plaintiff without pay for writing parking violations under a citation section number which numerous similarly situated male officers had been using and continue to use without consequence;

(e)  Beginning in March 1999, Lieutenant Young, Chief Kujawa, and Mayor Klein refused, in contravention of the applicable collective bargaining agreement, to authorize overtime pay to Plaintiff after Lieutenant Young ordered Plaintiff to remain after her shift to redraft a police report, which she had submitted to him early in her shift;

7

(f)     In October 1999, Plaintiff's supervising officer issued a written reprimand to her and Chief Kujawa later suspended Plaintiff for purportedly failing to respond to a call, however, Plaintiff, who Chief Kujawa had prohibited from driving a squad car, and the male officer with whom she was assigned to ride, were never dispatched to the call.

**ANSWER:**    14(a-f):     BURBANK denies each and every allegation set forth in Paragraph 14, sub-paragraphs a through f.

15.    Chief Kujawa and Mayor Klein exerted compelling influence over the Board of Fire and Police Commissioner and were the effective cause of Plaintiff's discriminatory termination from the police force on April 10, 2001.

**ANSWER:**    BURBANK denies each and every allegation set forth in Paragraph 15.

16.    Plaintiff continuously reported and opposed the gender discriminatory harassment and disparate treatment she was experiencing through various channels, including, but not limited to, through the chain of command up to Chief Kujawa, through a series of grievances, unfair labor practice complaints, her EEOC charge of discrimination, and through her opposition to the disciplinary charges which the Chief levied against her, however no action was taken to rectify the discriminatory treatment Plaintiff received, and in fact, the result of said reports and opposition to gender discrimination only heightened the discriminatory conduct plaintiff had to endure while employed by the City of Burbank.

**ANSWER:**    BURBANK denies each and every allegation set forth in Paragraph 16.

17.    The aforementioned acts and omissions of the City constitute unlawful discrimination against Plaintiff because of her gender, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:**    BURBANK denies each and every allegation set forth in Paragraph 17.

18.    As a direct and proximate result of the afore-alleged willful and reckless course of discriminatory conduct of Defendant, Plaintiff has suffered injury, including, but not limited to, emotional pain and suffering, lost and foregone wages and benefits.

**ANSWER:**    BURBANK denies each and every allegation set forth in Paragraph 18.

WHEREFORE, defendant, CITY OF BURBANK, respectfully requests that this court dismiss the action against it with prejudice and with costs awarded in its favor.

## COUNT II
## TITLE VII - GENDER- BASED HOSTILE WORK ENVIRONMENT

All counts contained hereinafter alleging Title VII claims pertain only to Defendant, City of Burbank.

KLEIN, KUJAWA, and YOUNG make no answer to the allegations set forth in Count II as the same are not directed against them.

19.    Paragraphs one (1) through eighteen (18) are incorporated by reference as if fully set out herein.

9

**ANSWER:**   BURBANK realleges and incorporates herein by reference its answers set forth in Paragraphs 1 through 18 of this complaint as its answer to this Paragraph 19.

20.   Plaintiff has performed to the reasonable satisfaction of Defendant from the time of her hire in 1989 and at all time thereafter, and any assertions made by Defendant to the contrary are pretext for gender discrimination.

**ANSWER:**   BURBANK states that Paragraph 20 contains a legal conclusion to which no response is required.  To the extent Paragraph 20 contains allegations of fact, BURBANK denies each and every allegation contained in Paragraph 20.

21.   Defendant discriminated against Plaintiff on the basis of her gender, female, as evidenced by, without limitation, the fact that Chief Kujawa and Plaintiff's supervising officers under Chief Kujawa's authority and direction subjected her to a continuous course of materially adverse terms and conditions of her employment relative to similarly situated male police officers, including, but not limited to, the following:

(a)   In late July 1999, Chief Kujawa removed the civilian employees from the front desk phones and ordered Plaintiff to answer the telephones at the station from 8 a.m. to 3:25 p.m. without any justification while none of Plaintiff's similarly situated male officers were assigned to answer the phones at the front desk and no one was assigned to answer the telephones on Plaintiff's days off;

(b)   Through the respective actions of Sergeant Abbott, Lieutenant Young, Chief Kujawa, and the supervising officers under him, Plaintiff has been continuously and increasingly harassed with heightened and discriminatory levels of scrutiny in the completion of her police duties which has led to the insertion of unfounded blemishes, dysfunctional time, and adverse notations in her personnel file, unfavorable, harassing, and unequal assignments and directives, and, ultimately, by

10

accretion of the aforementioned, disciplinary action, including suspension and termination, exceeding any action initiated against similarly situated males and exceeding any discipline levied against similarly situated male police officers whose performance, conduct, and actions had been equal to or at a lesser level than Plaintiff's.

(c)     In July 1999, Chief Kujawa suspended Plaintiff without pay for the purported reason that she failed to properly log certain found property, while patrolman Clancy, a similarly situated male police officer, failed to log a found crack pipe in August 1999 without receiving any form of discipline, instead prompting only the comment, "That Clancy...he does this all the time;"

(d)     In October 1999, Plaintiff's supervising officer issued a written reprimand to her and Chief Kujawa later suspended Plaintiff without pay for purportedly failing to respond to a call, however, Plaintiff, who Chief Kujawa had prohibited from driving a squad car, and the male officer with whom she was assigned to ride, were never dispatched to the call;

(e)     In order to degrade and belittle Plaintiff as a female police officer, Chief Kujawa, beginning in August 1999, prohibited Plaintiff, a patrol officer, from driving a squad car even though driving a squad car was an essential part of the responsibilities of patrol officers and none of Plaintiff's similarly situated male officers were subject to such a prohibition;

(f)     Chief Kujawa not only prohibited Plaintiff from driving a squad car beginning in August 1999, he additionally required Plaintiff to ride as a passenger with male officers;

(g)     During that time, Plaintiff was evaluated favorably by the superior officers with whom she was occasionally assigned to ride, however, during the majority of the time in which

11

Chief Kujawa restricted Plaintiff from driving a squad, Plaintiff rode with probationary officers with less than eighteen months on the police force;

     (h)    Plaintiff had no chargeable traffic accidents to justify the discriminatory and harassing alteration in the terms and conditions of her employment;

     (i)    Beginning in or around early 1999 through her termination, Chief Kujawa assigned Plaintiff to the most active and demanding beat requiring the most paper work, and Plaintiff worked that beat continuously without being rotate from assignment to assignment as her similarly situated male officers were;

     (j)    In July 2000, Lieutenant Young and Chief Kujawa initiated disciplinary charges against Plaintiff seeking to issue Plaintiff a twenty-one (21) day unpaid suspension for conduct for which Plaintiff's similarly situated male officers were not subjected to the initiation of such disciplinary action. Prior to the hearing before the Board of Fire and Police Commissioners ("the Board") on the disciplinary charges which Chief Kujawa initiated against Plaintiff in July 2000, Chief Kujawa encouraged police officer Herbert to lie at the Board meeting if he had to in order to secure Plaintiff's unpaid suspension;

**ANSWER:**   21(a-j):  BURBANK denies each and every allegation set forth in Paragraph 21, sub-paragraphs a through j.

     (k)    Chief Kujawa and Mayor Klein maligned and criticized Plaintiff's performance and conduct as a Burbank police officer through various public media in order to demean, degrade, and humiliate Plaintiff.

12

**ANSWER:** BURBANK makes no answer to the allegations set forth in Paragraph 21(k) as the same was stricken and dismissed by Judge Gottschall in her March 27, 2003 ruling on defendants' motion to dismiss.

22. Plaintiff continuously reported and opposed the gender discriminatory harassment and disparate treatment she was experiencing through various available channels, including, but not limited to, through the chain of command up to Chief Kujawa, through a series of grievances, unfair labor practices complaints, her EEOC charge of discrimination, and through her opposition to the disciplinary charges which the Chief levied against her, however, no action was taken to rectify the discriminatory treatment Plaintiff received, and in fact, the result of said reports and opposition to gender-based harassment only heightened the discriminatory conduct which Plaintiff had to endure until Defendant's pattern of harassing and discriminatory conduct culminated in Plaintiff's termination on April 10, 2001.

**ANSWER:** BURBANK denies each and every allegation set forth in Paragraph 22.

23. The aforementioned acts and omissions of the City constitute unlawful discrimination against Plaintiff because of her gender, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:** BURBANK denies each and every allegation set forth in Paragraph 23.

24. As a direct and proximate result of the afore alleged willful and reckless course of harassing conduct, discriminatory acts, and omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, emotional pain and suffering, lost and foregone wages and benefits.

**ANSWER:** BURBANK denies each and every allegation set forth in Paragraph 24.

13

WHEREFORE, defendant, CITY OF BURBANK, respectfully requests that this court dismiss the action against it with prejudice and with costs awarded in its favor.

## COUNT III

## TITLE VII - RETALIATION

All counts contained hereinafter alleging Title VII claims pertain only to Defendant, City of Burbank.

KLEIN, KUJAWA, and YOUNG make no response to the allegations set forth in Count III as the same are not directed against them.

25. Paragraphs one (1) through twenty-four (24) are incorporated by reference as if fully set out herein.

**ANSWER:** BURBANK realleges and incorporates herein by reference its answers set forth in Paragraphs 1 through 24 of this complaint as its answer to this Paragraph 25.

26. Defendant retaliated against Plaintiff for previously having reported the discriminatory conduct she endured to the Chief of Police and for filing several union grievances, unfair labor practice complaints as well an EEOC charge of discrimination each expressly opposing sex discrimination, harassment, and retaliation, as evidenced by, without limitation, the following examples of action taken against Plaintiff in the direct and proximate aftermath of Plaintiff's afore alleged express opposition to gender discrimination, harassment, and retaliation:

(a) Beginning in or around early 1999 through her termination, Chief Kujawa assigned

14

Plaintiff to the most active and demanding beat requiring the most paper work, and Plaintiff worked that assignment continuously without being rotated from assignment to assignment as her similarly situated male officers were;

(b)     In July 2000, Lieutenant Young and Chief Kujawa initiated disciplinary charges against Plaintiff seeking to issue Plaintiff a twenty-one (21) day unpaid suspension for conduct for which Plaintiff's similarly situated male officers were not subjected to the initiation of such disciplinary action. Prior to the hearing before the Board of Fire and Police Commissioners ("the Board") on the disciplinary charges which Chief Kujawa initiated against Plaintiff in July 2000, Chief Kujawa encouraged police officer Herbert to lie at the Board hearing if he had to in order to secure Plaintiff's unpaid suspension;

(c)     Chief Kujawa and Mayor Klein maligned and criticized Plaintiff's performance and conduct as a Burbank police officer through various public media in order to demean, degrade, and humiliate Plaintiff; and

(d)     Through the respective actions of Sergeant Abbott, Lieutenant Young, Chief Kujawa, and the supervising officers under him, Plaintiff has been continuously and increasingly harassed with heightened and discriminatory levels of scrutiny in the completion of her police duties which has led to the insertion of unfounded blemishes, dysfunctional time, and adverse notations in her personnel file, unfavorable, harassing, and unequal assignments and directives, and, ultimately, by accretion of the aforementioned, disciplinary action, including suspension and termination, exceeding any action initiated against similarly situated males and exceeding any discipline levied against similarly situated police officers whose performance, conduct, and actions had been equal to or at a lesser level than Plaintiff's;

**ANSWER:**   26(a-d):   BURBANK denies each and every allegation set forth in Paragraph 26, sub-paragraphs a through d.

27.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's express opposition to gender discrimination and retaliation in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**ANSWER:**     BURBANK denies each and every allegation set forth in Paragraph 27.

28.     As a direct and proximate result of the afore alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including, but not limited to, emotional pain and suffering, lost wages and benefits.

**ANSWER:**     BURBANK denies each and every allegation set forth in Paragraph 28.

WHEREFORE, defendant, CITY OF BURBANK, respectfully requests that this court dismiss the action against it with prejudice and with costs awarded in its favor.

## COUNT IV

## SECTION 1983 - EQUAL PROTECTION - GENDER DISCRIMINATION

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks prospective injunctive relief under 42 U.S.C. § 1983.

29.     Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if

16

fully set out herein.

**ANSWER:** BURBANK realleges and incorporates herein by reference its answers set forth in Paragraphs 1 through 21(a-j) and 22 through 28 of this complaint as its answer to this Paragraph 29. BURBANK denies the allegations set forth in Paragraph 21(k) as incorporated by reference to this Paragraph 29. KLEIN, KUJAWA, and YOUNG adopt BURBANK's answers set forth in Paragraphs 1 through 21 (a-j) and 22 through 28 of this complaint as their answers to this Paragraph 29. KLEIN, KUJAWA, and YOUNG deny the allegations set forth in Paragraph 21(k) as incorporated by reference to this Paragraph 29.

30. The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of the City of Burbank named as individual and official capacity Defendants herein.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 30.

31. By virtue of the acts and omissions alleged herein, each named official and individual capacity Defendant, acting under color of state law and with state action, intentionally discriminated against Plaintiff on the basis of her gender, female. Furthermore, the acts and omissions were willful and wanton in nature and served to deprive Plaintiff of her rights to equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 31.

32.     Defendants sued in their individual capacities acted in deliberate and purposeful violation of clearly established federal constitutional law when they engaged in unlawful discrimination against Plaintiff on the basis of her gender, including, but not limited to, willfully and purposefully subjecting her to, without limitation the afore-alleged course of conduct enumerated in paragraphs fourteen (14), fifteen (15), and twenty-one (21) above.

**ANSWER:**  BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 32.

33.     Mayor Harry Klien (sic) and Burbank Police Department Chief William Kujawa exerted compelling influence over the Board of Fire and Police Commissioners, which, on the basis of that influence, unlawfully terminated Plaintiff on the basis of her gender, asserting pretextual justifications for doing so in an attempt to obscure the violation of Plaintiff's constitutional rights.

**ANSWER:**  BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 33.

34.     Defendants, Mayor Klein and Chief Kujawa named in their individual and official capacities actively, deliberately, and knowingly participated in the acts and omissions alleged herein and possessed authority to direct and control the actions of ranking officers, supervisory and other employees and agents of the City of Burbank, but nevertheless acquiesced to, condoned, initiated, and promoted the gender discriminatory treatment which Plaintiff was forced to endure as a Burbank Police Officer.  Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate, or otherwise control ranking officers, supervisory and other employees and agents of the City of Burbank.

**ANSWER:**  BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 34.

18

35.     The gender discrimination suffered by Plaintiff was inflicted upon her pursuant to the overt, express, and, at times hidden, yet established, policy and practice of Defendants.

**ANSWER:**   BURBANK, KLEIN, KUJAWA, and YOUNG deny that plaintiff suffered gender discrimination and further deny all remaining allegations set forth in Paragraph 35.

36.     The acts of discrimination of Defendants sued in their individual and official capacities were so pervasive and continuous as to constitute the policy and practice of the City of Burbank in so far as Plaintiff has endured consistent gender discrimination and retaliation from the time she initially expressed her opposition to the discriminatory conduct she endured through her unlawful termination on April 10, 2001.

**ANSWER:**   BURBANK, KLEIN, KUJAWA, and YOUNG state that the decision issued by Judge Gottschall on March 27, 2003, on defendants' motion to dismiss, dismissed this allegation. To the extent there is a dispute regarding the continuation of this allegation in light of Judge Gottschall's decision, BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 36.

37.     The acts of discrimination of the named Defendants sued in their individual and official capacities rose to the level of the City of Burbank policy, because such acts were perpetrated by various final policy-makers of the City of Burbank or by officials to whom such final policy-making authority was delegated.

**ANSWER:**   BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 37.

19

38.     The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling her to seek punitive damages against Defendants sued in their individual capacities.

**ANSWER:**   BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 38.

39.     As a direct and proximate result of the afore-alleged willful and reckless acts or omissions of the named official and individual capacity Defendants, Plaintiff was deprived of her federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, emotional pain and suffering, lost and foregone wages and benefits.

**ANSWER:**   BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 39.

WHEREFORE, defendants, CITY OF BURBANK, BURBANK MAYOR HARRY KLEIN, BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA, and LIEUTENANT WAYNE YOUNG, respectfully request that this court dismiss the action against them with prejudice and with costs awarded in their favor.

## COUNT V

## FOURTEENTH AMENDMENT DENIAL OF EQUAL PROTECTION OF THE LAW AS A CLASS OF ONE UNDER 42 U.S.C. § 1983

All § 1983 claims alleged hereinafter pertain to Defendants named in their individual and official capacities. As to Defendants in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to Defendants in their official capacities, Plaintiff seeks prospective injunctive relief and any other relief the court deems appropriate under 42 U.S.C. § 1983.

40. Paragraphs one (1) through thirty-nine (39) are incorporated by reference as though fully set out herein.

**ANSWER:** BURBANK realleges and incorporates herein by reference its answers set forth in Paragraphs 1 through 21(a-j) and 22 through 39 of this complaint as its answer to this Paragraph 40. BURBANK denies the allegations set forth in Paragraph 21(k) as incorporated by reference to this Paragraph 40. KLEIN, KUJAWA, and YOUNG adopt BURBANK'S answers set forth in Paragraphs 1 through 21 (a-j) and 22 through 28 of this complaint as their answers to this Paragraph 40. KLEIN, KUJAWA, and YOUNG deny the allegations set forth in Paragraph 21(k) as incorporated by reference to this Paragraph 40. KLEIN, KUJAWA, and YOUNG reallege and incorporate herein by reference their answers set forth in Paragraphs 29 through 39 of this complaint as their answers to this paragraph 40.

41. The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of the highest ranking officers of the City of Burbank, named as individual and official capacity Defendants herein.

21

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 41.

42. Each named Defendant in his individual and official capacities intentionally subjected Plaintiff to less favorable terms and conditions of her employment than similarly situated City employees, because Plaintiff raised the ire of Defendants by publicly defending her name and reputation through the local press after Defendants used that medium to tarnish Plaintiff's reputation and standing as a police officer and member of the community.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 42.

43. Each named individual and official capacity Defendant was motivated by a spiteful and abandoned effort to punish Plaintiff for reasons unrelated to any legitimate state objective, by adversely effecting the terms and conditions of her City employment because Plaintiff displayed the fortitude to publicly rebut Chief Kujawa's and Mayor Klein's false and disparaging comments made about her to the local press.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 43.

44. Each named Defendant sued in their individual and official capacities deliberately and knowingly acted in violation of clearly established constitutional law when they violated Plaintiff's rights to equal protection of the laws by subjecting Plaintiff to an arbitrary and unfounded course of discriminatory and harassing conduct which ultimately formed the foundation for a Board hearing tainted by the unlawful influence of Chief Kujawa and Mayor Klein for the purpose of effectuating Plaintiff's termination from the Burbank Police Department in egregious

22

violation of her constitutional rights.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 44.

45. Each named Defendant knew of and deliberately participated in the acts and omissions alleged herein and possessed authority to direct and control the action of the highest ranking officers, supervisory, and other employees and agents of the City of Burbank, but nevertheless acquiesced in, condoned, initiated, and promoted the unequal and spiteful treatment which Plaintiff was forced to endure as a Burbank Police Officer.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 45.

46. Notwithstanding the foregoing, Defendants failed to properly appoint, train, supervise, regulate, discipline, investigate or otherwise control ranking officers, supervisory and other employees and agents of the City of Burbank.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 46.

47. Moreover, Defendants, Mayor Klein and Chief Kujawa deliberately resisted the implementation and enforcement of personnel policies and practices which would have prevented the violation of Plaintiff's Equal Protection rights.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 47.

23

48. The City knew of the acts and omissions alleged herein and possessed authority to direct and control the actions of named ranking officers, supervisory, and other employees and agents of the City of Burbank, but deliberately did not do so.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 48.

49. The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling her to seek punitive damages against Defendants named in their individual capacities.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 49.

50. As a direct and proximate result of the alleged willful and reckless acts and omissions of Defendants, Plaintiff was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered damages, including, but not limited to, emotional pain and suffering, lost wages and benefits.

**ANSWER:** BURBANK, KLEIN, KUJAWA, and YOUNG deny each and every allegation set forth in Paragraph 50.

WHEREFORE, defendants, CITY OF BURBANK, BURBANK MAYOR HARRY KLEIN, BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA, and LIEUTENANT WAYNE YOUNG, respectfully request that this court dismiss the action against them with prejudice and with costs awarded in their favor.

24

## AFFIRMATIVE DEFENSES

NOW COME the defendants, CITY OF BURBANK (hereinafter "BURBANK"), BURBANK MAYOR HARRY KLEIN (hereinafter "KLEIN"), BURBANK CHIEF OF POLICE WILLIAM M. KUJAWA ("KUJAWA"), and LIEUTENANT WAYNE YOUNG ("YOUNG"), and pursuant to Fed. R. Civ. Pro. 8(c), set forth the following affirmative defenses to the instant complaint:

1.      Any acts of alleged violations of plaintiff's Fourteenth Amendment rights to equal protection of the laws pursuant to 42 U.S.C. § 1983 occurring two (2) years prior to the date plaintiff filed her pro se complaint on August 17, 2001, or before August 17, 1999, are time-barred and a cause of action based upon said acts is precluded by the statute of limitations.

2.      Even if plaintiff proves that she engaged in statutorily protected expression through opposition or participation of an unlawful employment practice under Title VII which played a motivating part in BURBANK's decisions, the same work assignments, job actions, performance evaluations, and disciplinary action, would have been taken by BURBANK even if plaintiff's protected conduct had not been taken into account.

3.      KLEIN, KUJAWA, and YOUNG are immune from liability pursuant to the doctrine of qualified immunity, as their discretionary actions under the circumstances were objectively reasonable and did not violate clearly established constitutional rights of the plaintiff.

4.      BURBANK took reasonable steps to discover and correct any gender discrimination.

5.      BURBANK exercised reasonable care to prevent and correct promptly any gender discrimination and the plaintiff unreasonably failed to take advantage of any corrective or preventative opportunities provided by BURBANK or to otherwise avoid harm.

25

6. Plaintiff fails to state a cause of action under Title VII for gender discrimination based upon disparate treatment and/or hostile work environment and retaliation.

7. Any acts of alleged gender discrimination that occurred on or before March 25, 1999, or more than three-hundred (300) days prior to the date plaintiff alleges she filed her charge of discrimination with the Equal Employment Opportunity Commission (January 19, 2000), are time-barred and a cause of action based upon said acts is precluded. 42 U.S.C. § 2000(e)(5)(e)(1).

8. Any claims of sexual harassment are outside the scope of plaintiff's administrative charges of discrimination and are barred for failure to exhaust her administrative remedies.

9. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are barred by the doctrine of issue preclusion.

10. Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are barred by the doctrine of claim preclusion.

Respectfully submitted,

CITY OF BURBANK, BURBANK
MAYOR HARRY KLEIN, individually, BURBANK
CHIEF OF POLICE WILLIAM M. KUJAWA,
individually, LIEUTENANT WAYNE YOUNG,
individually, Defendants

By: *Heather R. Sloan*
One of Their Attorneys

MICHAEL G. CAINKAR
HEATHER R. SLOAN
LOUIS F. CAINKAR, LTD.
*Attorneys for Defendants*
30 North LaSalle Street - #3922
Chicago, Illinois 60602
312/236-3985

26